FILED
2017 JAN 30 PM 3: 20
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:17-CV-160-ORL-31-KRS

JOHN ALBER,

    Plaintiff,

VS.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL OF STATE COURT ACTION

COMES NOW the Defendant, GEICO GENERAL INSURANCE COMPANY, by and through the undersigned counsel, hereby files this Notice of Removal of State Court Action, and in support, states as follows:

## BACKGROUND

1. On November 2, 2015, Plaintiff filed his initial Complaint against the Defendant in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. [*See* Exhibit A.].[1] In the original Complaint, Plaintiff alleged an auto negligence action against Defendant and sought damages under Plaintiff's underinsured motorist coverage in the amount of $40,000 (i.e. 2 stacking underinsured motorist policies in the amount of $20,000 each) pursuant to his policies with Defendant. [*See Id.*; *see also* Exhibit B.].

---

[1] It should be noted that Defendant, USAA Casualty Insurance Company, was dismissed by order of the Court on January 27, 2016.

2. On June 7, 2016, Plaintiff moved for leave to file an Amended Complaint to add a claim for statutory insurance bad faith against Defendant pursuant to Florida Statute § 624.155. [*See* Exhibit C.]. However, Plaintiff waited until November 2, 2016 (i.e. exactly 1 year after filing the original Complaint) before noticing the motion for hearing. [*See* Exhibit D.].

3. On January 5, 2017, the state court judge entered an order permitting Plaintiff to file an Amended Complaint which added a claim for bad faith against Defendant. [*See* Exhibit E.]. Pursuant to the order, the Amended Complaint was deemed filed on January 5, 2017. [*Id.*].

4. As a result of the amendment to the pleadings, Plaintiff is now seeking damages which are clearly in excess of the jurisdictional limits of this Court (i.e. $75,000). As such, Plaintiff's Amended Complaint gives rise to diversity of jurisdiction, pursuant to 28 U.S.C. § 1332, and Defendant seeks removal to the United States District Court for the Middle District of Florida.

## THE STANDARD FOR REMOVAL BASED UPON DIVERSITY JURISDICTION

5. Pursuant to the provisions of 28 U.S.C. § 1441, a civil action in state court may be removed by a defendant to federal court based upon diversity of citizenship. Diversity jurisdiction exists only when the parties are citizens of difference states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

## Diversity of the Parties

6. At all material times, Plaintiff is and was a citizen of Florida. [*See* Exhibit A ¶ 2.].

7. At all material times, Defendant is and was a foreign corporation with its principal place of business in Maryland. [*See* Exhibit F.].

## Amount in Controversy

8. A defendant has the burden of establishing by a preponderance of evidence that the amount in controversy exceeds $75,000. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *Id.* at 754. Here, Plaintiff has plead in his Amended Complaint that he suffered bodily injuries, pain, suffering, disability, disfigurement, mental anguish, loss for enjoyment of life, expense of hospitalization, medical treatment, loss of earnings, loss of ability to earn money, permanent injuries that will result in future losses, that his damages exceed the policy limits, attorney's fees, and that he is entitled to the full extent of his damages, even in excess of the policy limits. [*See* Plaintiff's Amended Complaint in Exhibit C ¶¶ 10 & 20.]. Plaintiff also filed a Civil Remedy of Notice of Insurer Violation with the state of Florida in which he alleged that he has suffered significant injuries and economic losses that clearly exceeds his underinsured motorist benefits. [*See* Exhibit G.]. Defendant provides the following additional

evidence in support of its contention that the amount in controversy exceeds $75,000:

   a. As of April 29, 2016, Plaintiff had alleged that he incurred $19,983.78 in past medical expenses and $1,900 in lost wages. [*See* Exhibit H at ¶¶ 11-12.].

   b. Since that time, Plaintiff has incurred additional medical bills for the following amounts: (1) $1,027 from Dr. William Kane of Vero Orthopaedics [*See* Exhibit I.]; and (2) $13,496 from the Grove Place Surgery Center where he underwent 2 sets of facet injections in his lumbar spine. [*See* Exhibit J.]. [2]

   c. On October 16, 2014, Plaintiff presented to Dr. Richard Hynes, an orthopedic spine surgeon, at the BACK Center in Melbourne, Florida. [*See* Exhibit K.]. [3] In Dr. Hynes' Discussion and Plan section of his report, he opined that should Plaintiff's symptoms continue to persist that he would benefit from a diskogram prior to determining surgical planning if necessary. [*See id.*]. Defendant's counsel's law firm has defended another case involving the BACK Center and Dr. Hynes in which the plaintiff in that case underwent a diskogram procedure. [*See* Exhibit L.]. [4] The

---

[2] Exhibits I & J are not being filed with this pleading and are subject to Defendant's Motion to Seal because the documents involved Plaintiff's medical records and bills.

[3] Exhibit K is not being filed with this pleading and is subject to Defendant's Motion to Seal because the documents involved Plaintiff's medical records and bills.

[4] Exhibit L is not being filed with this pleading and is subject to Defendant's Motion to Seal because the documents involve a medical bill for another patient who underwent the same procedure recommended to Plaintiff at the BACK Center.

    medical bills for that plaintiff for undergoing a diskogram by a surgeon from the BACK Center at its surgery center in the same building was as follows: (1) $54,416.00 for Crane Creek Surgery Center; and (2) $2,911.00 for the BACK Center. [*See id.*].

d. Although Plaintiff has not identified an amount that he is seeking for pain and suffering, he will likely be seeking a substantial amount should the case go to trial. In a prior case that went to trial between counsel for Plaintiff and a lawyer from the firm of counsel for Defendant, a jury awarded $90,000 for future and past pain and suffering. [*See* Exhibit M.]. [5]

e. When a "statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Under Florida law on bad faith actions, a prevailing plaintiff is entitled to attorney fees to be included in the judgment or decree. *See* Florida Statute § 627.428. In determining whether fees are reasonable, a court may look at evidence within the complaint, and defendants may introduce their own affidavits, declarations or other documentation to meet their burden. *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). In *Mirras v. Time Ins. Co.*, the Court found that the plaintiff

---

[5] In the Sommerfroind v. State Farm case, the plaintiff's claim involved potential surgical intervention of the cervical spine in the future which is similar to this case.

would at least incur $28,000 in attorney's fees in an action under F.S.A. § 627.428. 578 F.Supp.2d 1351 (M.D. Fla. September 16, 2008); *see also DO Restaurants v. Aspen Specialty Ins. Co.*, 984 F.Supp.2d 1342, 1345-46 (S.D. Fla. 2013)(wherein the Court found that the defendant's affidavit supporting an estimated $50,000 in litigating the case was not too speculative and a reasonable estimate of attorney's fees in a § 627.428 action). Here, Defendant attaches an affidavit from James O. Williams, Jr., a board certified civil trial lawyer, who opined that if this case is litigated through trial that Plaintiff's fees will more likely than not, exceed $75,000. [*See* Exhibit N.].

9. In conclusion, Plaintiff is seeking $34,506.78 in past medical expenses (to date), $1,200 in past lost wages, and some unknown amount for past damages for pain and suffering, mental anguish, future wage loss, etc. According to Plaintiff's Amended Complaint, he is also seeking damages in the future for medical expenses which will likely be in excess of $57,000. In addition, Plaintiff's attorney's fees will more likely, than not, exceed $75,000 should the case be litigated through trial. Therefore, the amount in controversy exceeds $75,000.

### Timeliness

10. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of Defendant having an adequate basis for removal. When a notice of removal is filed within 30 days of the trial court's order granting a motion to amend complaint to add a bad faith claim to a UM claim, the removal is considered

timely. *See id.* at § 1446(b)(3); *see also Thorne v. State Farm Mutual Auto. Ins. Co.,* 2015 WL 809530 *6 (Fla. M.D. February 25, 2015); *see also Bollinger v. State Farm Mutual Auto. Ins. Co.,* 538 Fed. Appx. 857, 863 (11th Cir. 2013). Here, Defendant files this notice of removal within 30 days of the state court's order granting Plaintiff's Motion to Amend to Add the Claims for Bad Faith.

11. Pursuant to 28 U.S.C. § 1446(c), a case may not be removed in excess of one year after the commencement of the action unless the district court finds that the Plaintiff acted in bad faith in order to prevent the Defendant from removing the action. Courts have applied the doctrine of equitable estoppel and permitted defendants to remove an action more than one year after its commencement where the plaintiff engaged in bad faith manipulation of the state court's jurisdiction. *See Public Service Towers, Inc. v. Best Buy Stores, L.P.,* 28 F. Supp.3d 1313 (Ga. M.D. 2014); *see also Noyes v. Universal Underwriters Ins. Co.,* 3 F.Supp.3d 1356, 1362-63 (Fla. M.D. 2014). Although Plaintiff filed his motion to amend complaint to add bad faith claim on June 7, 2016, he waited until November 2, 2016 (i.e. exactly 1 year after the filing of the original Complaint) before noticing his motion for hearing. [*See* Exhibit D.]. Therefore, Plaintiff's delay until exactly one year from the initial filing date is too coincidental to be considered anything other than trying to prevent Defendant from seeking removal.

12. Written notice of the filing of this notice has been furnished to counsel for Plaintiff.

13. A copy of this Notice has been filed with the Clerk of Court of the Circuit Court of the 18th Judicial Circuit, in and for Brevard County, Florida.

WHEREFORE, Defendant, respectfully requests that this Honorable Court to assume original jurisdiction and grant this Notice of Removal.

Respectfully submitted,

_____
Jeffrey C. Cosby, Esq.
Florida Bar No. 0967981
Attorney for Defendant GEICO
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, Florida 34994
Telephone No. (772)463-8402
Facsimile No. (772)463-4820