UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN ALBER,**

**Plaintiff,**

**v.** **Case No: 6:17-cv-160-Orl-31KRS**

**GEICO GENERAL INSURANCE COMPANY,**

**Defendant.**

---

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 8) filed by the Plaintiff, John Alber, and the Response in Opposition (Doc. 13) filed by the Defendant, GEICO General Insurance Company (henceforth, "GEICO").

**I. Background.**

According to the allegations of the operative complaint, the instant insurance coverage dispute involves an accident that occurred on May 9, 2014 in which Alber was injured due to negligence on the part of an uninsured driver. (Doc. 8-5 at 6-7). Alber contends that he was entitled to a total of $40,000 in uninsured motorist coverage from GEICO. (Doc. 8 at 2). He served GEICO with a civil remedies notice pursuant to Florida Statute § 625.155[1] on October 28, 2015. (Doc. 1-7 at 2). Five days later, on November 2, 2015, he filed suit in the Circuit Court for

---

[1] Florida Statute § 624.155 provides a cause of action for individuals who are, among other things, aggrieved by their insurer's failure to try to promptly settle their claims. The civil remedies notice, which gives the insurer 60 days to attempt to resolve the problem, is a condition precedent to any such suit. Fla. Stat. § 624.155(3)(a), (b).

the 18th Judicial Circuit, in and for Brevard County, Florida, asserting a claim for breach of contract against GEICO.[2] (Doc. 1-1). On June 7, 2016, Alber filed a motion for leave to amend his complaint to add a claim for statutory bad faith pursuant to Section 624.155. (Doc. 1-3). On October 28, 2016, he filed a second motion for leave to amend, this time seeking to add a declaratory judgment count in addition to the statutory bad faith claim. (Doc. 8-5).

On November 2, 2016 – the one-year anniversary of filing his initial complaint – Alber noticed the second motion to amend for hearing on January 7, 2017. (Doc. 1-4 at 2). It was subsequently rescheduled for hearing on January 3, 2017. (Doc. 8-7 at 1). After the hearing, the motion was granted, with the amended complaint deemed filed as of January 5, 2017. (Doc. 1-5 at 2). The additional counts were abated pending a verdict on the contract claim. (Doc. 1-5 at 2). On January 30, 2017, GEICO removed the case to this court, arguing that jurisdiction exists because the parties are diverse and because, with the addition of the bad faith claim, the amount in controversy now exceeds $75,000. (Doc. 1 at 2).

## II. Legal Standard

A civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States embracing the place where such action is pending. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(b)(3), a case that is initially not removable may be removed within 30 days of the receipt by the defendant of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." However, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the

[2] The initial complaint also included a claim against another insurer, but that claim has been resolved. (Doc. 8 at 2).

action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent the removal. 28 U.S.C. § 1446(c)(1).

**III. Analysis**

Alber agrees that the parties are diverse but argues that the amount in controversy does not exceed the jurisdictional minimum. He also argues that the case is not removable because more than one year passed between the time the case was commenced and when it was removed.

Taking the second argument first, there is a split of authority in this district as to whether the addition of a bad faith claim (via amendment or accrual) to an otherwise non-removable case more than a year after the initial filing can make the case removable. *See Washington v. Government Employees Insurance Company*, No. 6:16-cv-1775-Orl-40KRS, 2017 WL 490541, at *2 (M.D. Fla. Feb. 7, 2017) (Byron, J.) (describing split and listing cases). The undersigned has sided with those judges who hold that accrual of such a claim in effect resets the clock, permitting a removal that would otherwise be barred by the one-year time limit in 28 U.S.C. § 1446(c)(1). *See, e.g., Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1942-Orl-31TBS, 2016 WL 277768, at *2 (M.D. Fla. Jan. 22, 2016) (Presnell, J.) (permitting removal more than two years after initial filing, where bad faith claim was added by amendment after jury verdict in excess of policy limit). As such, the Court finds that because the removal occurred less than 30 days after the addition of Alber's bad faith claim, it was timely, even though it occurred more than a year after the filing of the initial pleading.[3]

Returning to the first argument, it is clear that when one considers the contract claim (Count I) and the bad faith claim (Count II) together, the amount in controversy exceeds $75,000. Alber

[3] In addition, the Court notes that although counsel for the plaintiff vigorously protests when accused of adding the bad faith claim at this late date solely to avoid removal (Doc. 8 at 14), no other explanation is offered for the decision to file the bad faith claim more than a year after the initial filing but before the trial.

concedes he seeks to recover $40,000 in Count I – the contract claim. (Doc. 8 at 6). Assuming that Count II ripens, Alber will be able to seek recovery of all damages he suffered beyond the $40,000 at issue in Count I, as well as all attorney fees incurred in the instant case. In the amended complaint, Alber asserts that he suffered “bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition”; he also asserts that these injuries are continuing and that he expects to suffer more in the future. (Doc. 8-5 at 7-8). In response to interrogatories, Alber asserts that he suffers from serious pain in his back and neck, that he has undergone $15,000 in spinal injections and that he intends to have more in the future. (Doc. 13 at 5-6). Alber’s orthopedic surgeon opined that if Alber’s pain continues, he may be required to undergo a discogram to his spine for surgical planning. (Doc. 13 at 5-6). Those alleged damages, combined with the attorney’s fees incurred in pursuing the instant case, could easily exceed $35,000, taking the amount in controversy beyond the jurisdictional minimum.

It is, therefore

**ORDERED** that the Motion to Remand is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 20, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party